UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **DORIS PERKINS,** | ) <br> ) <br> ) |
| *Appellant*, | ) <br> ) |
| v. | )     No. 10-1272 <br> ) |
| **KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC.,** | ) <br> ) <br> ) <br> ) |
| *Appellee*. | ) <br> ) <br> ) |

## MOTION FOR A CORRECTED JOINT APPENDIX

### INTRODUCTION

Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser") respectfully requests that Appellant Doris Perkins be required to file a corrected joint appendix that includes: (1) the Memorandum in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment (Summary Judgment Memorandum"); (2) Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment ("Opposition"); and (3) the Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment ("Reply").

## FACTUAL BACKGROUND

On May 18, 2010, Ms. Perkins and Kaiser, through counsel, conferred via teleconference regarding what documents should be part of the joint appendix in the instant appeal. During the teleconference, Kaiser's counsel requested that the joint appendix include the following:

1. Ms. Perkins' latest Amended Complaint;

2. The Summary Judgment Memorandum;

3. The Opposition;

4. The Reply;

5. Order granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment ("Order"); and

6. Memorandum Opinion granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment ("Memorandum Opinion").

On May 19, 2010, Kaiser hand-delivered complete copies of the Summary Judgment Memorandum, Reply, Order, and Memorandum Opinion to the office of Ms. Perkins' counsel to assist Ms. Perkins' counsel in creating the joint appendix.

On May 26, 2010, Ms. Perkins served a copy of the joint appendix. While the joint appendix included the Summary Judgment Memorandum and Reply, it

did not include the exhibits to the Summary Judgment Memorandum or the exhibits to the Reply. The joint appendix also failed to include the Opposition.

Kaiser has informed Ms. Perkins' counsel about these deficiencies and asked him to voluntarily file a joint appendix that includes complete copies of these documents. Ms. Perkins' counsel has not responded to emails or voicemails requesting that he voluntarily correct the joint appendix.

Kaiser has informed Ms. Perkins' counsel of its intent to file the present motion. While Kaiser has made numerous attempts to confer with Ms. Perkins' counsel regarding this motion, it has been unable to do so.

## ARGUMENT

This Court should order Ms. Perkins to serve a corrected joint appendix that includes complete copies of the Summary Judgment Memorandum, Opposition, and Reply. First, those documents have independent relevance because they reflect points and concessions made before the district court. Second, their inclusion will make it easier for this Court to analyze Kaiser's Response Brief, which will cite extensively to the Summary Judgment Memorandum and Reply.

**A.   THE SUMMARY JUDGMENT MEMORANDUM, OPPOSITION, AND REPLY HAVE INDEPENDENT RELEVANCE TO THIS APPEAL.**

Rule 30(a) of the Federal Rules of Appellate Procedure lists the components of the joint appendix. Among the categories of documents that should be included

3

are "other parts of the record to which the parties wish to direct the court's attention." Fed. R. App. P. 30(a)(1)(D). Memoranda of law may be included in the joint appendix if "they have independent relevance." Fed. R. App. P. 30(a)(2).

Memoranda of law submitted in the district court have "independent relevance" and should be included in the joint appendix "in circumstances such as a dispute about whether a particular point was raised, or a concession was made, in the district court." 16AA Charles Alen Wright, Arthur R. Miller, Federal Practice & Procedure § 3976.2 (4th ed. 2010). *See also Gulino v. New York State Educ. Dept.*, 460 F.3d 361, 380 n.22 (2d Cir. 2006), *cert. denied*, 128 S.Ct. 2986 (2008) ("We would be able to say with certainty whether BOE had (or had not) raised this below if BOE had included in the record on appeal the memorandum in support of its summary judgment motion."); *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 695 (8th Cir. 2003) (briefs filed with the district court had independent relevance because they shed light on the arguments made to the district court).

In this case, the Summary Judgment Memorandum, Opposition, and Reply, including the exhibits appended to these pleadings upon which the parties relied, all have independent relevance because the points and concessions made before the district court may impact this Court's decision. For example, Kaiser argued in its Summary Judgment Memorandum and its Reply that, even if Ms. Perkins could assert a claim of discriminatory discharge under 42 U.S.C. § 1981 ("Section

4

1981") on a theory of national origin discrimination, her claim should nevertheless be dismissed because: (1) Ms. Perkins could not make a *prima facie* case of discriminatory discharge; and (2) Kaiser had legitimate non-discriminatory reasons for discharging Ms. Perkins. The district court never addressed these arguments in its Memorandum Opinion because it found that Ms. Perkins' claim, which was based on national origin discrimination, was not viable under Section 1981. If this Court finds that Ms. Perkins' discriminatory discharge claim is cognizable under Section 1981, however, it can and should nevertheless affirm the dismissal of that claim for the reasons discussed above, which were set forth in the Summary Judgment Memorandum and Reply. *See Hill v. Michelin North America, Inc.*, 252 F.3d 307, 315-16 (4th Cir. 2001) (court of appeals can affirm judgment on basis other than that relied on by the district court if supported by the record).

Requiring the inclusion of the complete Summary Judgment Memorandum, Opposition, and Reply, including the attached exhibits, is also consistent with this Court's local rules, which state, in pertinent part, that the joint appendix should contain all "parts of the record which are vital to the understanding of the basic issues on appeal." L. R. 30(b). Because the district court dismissed all of Ms. Perkins' claims when it granted Kaiser's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment, the briefs filed as part of that motion are vital to the understanding of the basic issues on appeal. Accordingly,

5

complete copies of the Summary Judgment Memorandum, Opposition, and Reply should be included in the joint appendix.

## B. INCLUDING THE SUMMARY JUDGMENT MEMORANDUM, OPPOSITION, AND REPLY WILL MAKE IT EASIER FOR THIS COURT TO ANALYZE KAISER'S RESPONSE BRIEF, WHICH WILL CITE EXTENSIVELY TO THE SUMMARY JUDGMENT MEMORANDUM AND REPLY.

Including complete copies of the Summary Judgment Memorandum, Opposition, and Reply will enable Kaiser to cite to the joint appendix, a practice encouraged by this Court's local rules. Local Rule 30(b) states, in pertinent part, that "[a]lthough the entire record is available to the Court should it believe that additional portions are important to a full understanding of the issues, citations to portions of the record not included in the appendix is not favored." L.R. 30(b).

In this case, Kaiser's Response Brief will cite extensively to the Summary Judgment Memorandum and Reply, including their exhibits, and may cite to the Opposition. Including those documents in the joint appendix will enable Kaiser to cite to the joint appendix, making it easier for this Court to fully understand the issues in this appeal. Accordingly, Ms. Perkins should be ordered to submit a corrected joint appendix what includes complete copies of the Summary Judgment Memorandum, Reply, and Opposition.

6

## CONCLUSION

For the reasons discussed above, this Court should grant Kaiser's Motion for a Corrected Joint Appendix that includes complete copies, including exhibits, of the Summary Judgment Memorandum, Opposition, and Reply.

>Respectfully,
>
>_____/s/_____
>Rafael Morell
>Law Offices of Rafael E. Morell, PLLC
>1250 24th Street, N.W., Suite 300
>Washington, D.C. 20037
>Telephone: (202) 467-8377
>Facsimile: (202) 466-0502
>rafael.morell@morelllawoffices.com
>*Counsel for Appellee*

July 1, 2010

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 1st day of July, 2010, I caused this Motion for A Corrected Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Jerome Edward Clair, Esq.
    1200 G Street, NW, Suite 800
    Washington, DC 20005
    (202) 434-4558

    *Counsel for Appellant*

    /s/ Rafael Morell
    *Counsel for Appellee*